UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUC BURBON AND ON BEHALF OF ALL OTHER PERSONS SIMILARY SITUATED<br><br>                Plaintiff,<br><br>              -against-<br><br>SMITH+NOBLE HOME INC.,<br><br>              Defendant. | Civil Action No. 1:20-CV-5678<br><br>ANSWER TO CLASS ACTION COMPLAINT |

Defendant Smith+Noble Home Inc. ("Defendant") through its counsel Littler Mendelson, P.C., responds as follows in answer to the Complaint in this action:

### INTRODUCTION

1. Defendant admits that Plaintiff asserts certain claims against Defendant upon behalf of himself and on behalf of a purported class, but it denies that such claims are warranted or that a class should be certified.

2. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains no allegations, and therefore a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff asserts a claim in this action relating to the accessibility of its website to blind or visually impaired people, but it denies that such an action has merit and denies any wrongdoing. Except as expressly admitted, Defendant denies the

allegations in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant denies that it is engaged in discriminatory behavior, and Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits that the Court may, in its discretion, exercise supplemental jurisdiction over the non-federal claims, but denies that the Court must or should exercise that power in this action.

12. Defendant admits that venue is proper and otherwise denies the allegations in Paragraph 12 of the Complaint.

13. Defendant admits that it does business in New York State and that its website is accessible to individuals residing in New York State. Except as expressly admitted, Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant admits that it does business in New York State and that its website is accessible to individuals residing in New York State. Except as expressly admitted, Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant admits that the Court may issue declaratory judgements, but it denies that such relief is warranted or appropriate here.

## THE PARTIES

16. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Complaint.

19. Defendant admits that it operates a website in the United States that provides consumers with access to the ability to purchase products and to find information relating to its products. Except as expressly admitted, Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

NATURE OF THE ACTION

21. Defendant admits the allegations in Paragraph 21 of the Complaint.

22. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25. Defendant admits that the W3C has published Web Content Accessibility Guidelines that are aimed at making websites more accessible to blind and visually impaired individuals. Except as expressly admitted, Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

STATEMENT OF FACTS

.

### Defendant's Barriers on Its Website

27.  Defendant admits that it operates the website www.smithandnoble.com, which is accessible to the public, and that the website offers consumers the ability to purchase window blinds, drapes, shades, and the like, and to obtain information relating to those products. denies the allegations in Paragraph 27 of the Complaint. Except as expressly admitted, Defendant denies the allegations in Paragraph 27 of the Complaint.

28.  Defendant denies the allegations in Paragraph 28 of the Complaint.

29.  Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint.

30.  Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's action, and denies the remaining allegations in Paragraph 30 of the Complaint.

31.  Defendant denies the allegations in Paragraph 31 of the Complaint, including the allegations in subparagraphs a through d.

32.  Defendant denies the allegations in Paragraph 32 of the Complaint.

33.  Defendant denies the allegations in Paragraph 33 of the Complaint.

### Defendant Must Remove Barriers to Its Website

34.  Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's action, and denies the remaining allegations in Paragraph 34 of the Complaint.

35.  Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's action, and denies the remaining allegations in Paragraph 35 of the Complaint.

36.  Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's action, and denies the remaining allegations in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint, including subparagraphs a through c.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     Paragraph 40 of the Complaint contains only a recitation of law and no allegations, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 40 of the Complaint.

41.     Defendant admits that Plaintiff invokes a statute and seeks a permanent injunction, Defendant denies that the relief specified in subparagraphs a through m of Paragraph 41 is warranted, or that any relief is warranted. Defendant denies the remaining allegations in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

## CLASS ACTION ALLEGATIONS

47.     Defendant admits that Plaintiff seeks relief on behalf of a class, but it denies that class treatment is appropriate or warranted.

48.     Defendant admits that Plaintiff seeks relief on behalf of a class, but it denies that class treatment is appropriate or warranted.

49.     Defendant admits that Plaintiff seeks relief on behalf of a class, but it denies that

class treatment is appropriate or warranted.

50. Paragraph 50 of the Complaint and subparagraphs a – d contain only a recitation of law and no allegations, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint contains only a recitation of law and no allegations, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint contains only a recitation of law and no allegations, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains only a recitation of law and no allegations, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint contains only a recitation of law and no allegations, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 54 of the Complaint.

FIRST CAUSE OF ACTION
VIOLATIONS OF THE ADA, 42 U.S.C. § 112181 *et seq*.

55. Defendant reasserts its responses to the preceding paragraphs as if fully set forth herein.

56. Paragraph 56 of the Complaint contains only a recitation of law and no allegations, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint contains conclusions of law to which no response is

required. To the extent a response is required, Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint contains only a recitation of law and no allegations, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint contains only a recitation of law and no allegations, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint contains only a recitation of law and no allegations, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant admits that Plaintiff seeks relief in this action but denies that such relief is warranted and denies any wrongdoing.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE NYSHRL

63. Defendant reasserts its responses to the preceding paragraphs as if fully set forth herein.

64. Paragraph 64 of the Complaint contains only a recitation of law and no allegations, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint contains only a recitation of law and no allegations, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint contains only a recitation of law and no allegations, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant denies knowledge and information to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint

71. Defendant denies the allegations in Paragraph 71 of the Complaint, including subparagraphs a through c.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant admits that Plaintiff seeks relief in this action, but it denies that such relief is warranted and denies any wrongdoing.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE NYCHRL

78. Defendant reasserts its responses to the preceding paragraphs as if fully set forth

herein.

79. Paragraph 79 of the Complaint contains only a recitation of law and no allegations, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 80 of the Complain

81. Paragraph 81 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint contains only a recitation of law and no allegations, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant denies the allegations in Paragraph 84 of the Complaint, including the allegations in subparagraphs a through c.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Defendant admits that Plaintiff seeks relief in this action but denies that such relief is warranted and denies any wrongdoing.

## FOURTH CAUSE OF ACTION
## DECLARATORY RELIEF

91. Defendant reasserts its responses to the preceding paragraphs as if fully set forth herein.

92. Defendant denies the allegations in Paragraph 92 of the Complaint

93. Defendant denies the allegations in Paragraph 93 of the Complaint

## PRAYER FOR RELIEF

Defendant denies the allegations contained in the Prayer for Relief in paragraphs A through L, and denies that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR TRIAL BY JURY

Plaintiff is not entitled to a jury trial on his claims under Title III of the Americans with Disabilities Act.

## **DEFENSES**

Without admitting any allegations in the Complaint, Defendant asserts the following defenses without assuming any burden of proof Defendant does not have as a matter of law:

1. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Defendant's Website is not a place of public accommodation under Title III of the ADA.

3. Defendant provides equivalent facilitation by providing reasonable alternatives for visually impaired individuals through, *inter alia*, providing in person and telephonic assistance to provide customers with information about and access to its products and services.

4. Plaintiff fails to assert that he sought and was denied an auxiliary aid.

5. Defendant's right to due process would be violated by imposing liability on it for

the failure to abide by alleged accessibility standards about which the government has not given Defendant fair notice.

6. Plaintiff's assertion that the WCAG 2.0 Level AA guidelines constitute a legal standard requires an impermissible imposition of standards without following the appropriate methodology for creating regulatory requirements.

7. The requested accommodations are not readily achievable and/or reasonable.

8. Plaintiff's claims are barred by equitable doctrines such as the doctrines of laches, waiver, and/or equitable estoppel.

## **RESERVATION OF RIGHTS**

**WHEREFORE**, Defendant respectfully requests this Court to enter an Order: (a) dismissing the Complaint with prejudice; (b) awarding to Defendant its costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as the Court deems just and proper.

Dated: New York, New York
September 2, 2021

By: */s/ Daniella Adler*
Daniella E. Adler
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
(212) 583-9600

*Attorneys for Defendant*